IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RICHARD A. ROWE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>E.I. DUPONT DE NEMOURS AND COMPANY,<br><br>    Defendant. | [Doc. No. 142]<br><br>Civil No. 06-1810-RMB-AMD |
| MISTY SCOTT, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>E.I. DUPONT DE NEMOURS AND COMPANY,<br><br>    Defendant. | [Doc. No. 151]<br><br>Civil No. 06-3080-RMB-AMD |

**ORDER TO SEAL**

This matter comes before the Court by way of motion of Defendant, E.I. duPont de Nemours and Company (hereinafter, "DuPont"), seeking to seal three documents that DuPont submitted to the Court for in camera review, which are identified as Exhibits 30, 42 and 43, pursuant to L. Civ. R. 5.3(c).  The Court held oral argument on April 2, 2008 in both of the above-captioned matters, at which time J. Steven Justice, Esquire and Shari M. Blecher, Esquire, appeared on behalf of the Plaintiffs in the matter

captioned Rowe, et al. v. E.I. duPont de Nemours & Co., Civil No. 06-1810; Leonard Niedermayer, Esquire, and Joseph Osefchen, Esquire, appeared on behalf of Plaintiff Misty Scott in the matter captioned Scott v. E.I. duPont de Nemours & Co., Civil No. 06-3080; and Anthony F. Cavanaugh, Esquire, Roy Alan Cohen, Esquire, and Jeffrey Pypcznski, Esquire, appeared on behalf of DuPont in both matters.  The Court has considered the submissions of the parties, and the arguments of counsel; and notes that counsel for the Plaintiffs in both the Rowe and Scott matters have advised the Court that they have no opposition to DuPont's motion to seal.  For the reasons set forth on the record and good cause shown, DuPont's motion to seal shall be granted.

Pursuant to Local Civil Rule 5.3(c)(2), a party filing a motion to seal must describe "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."  L. Civ. R. 5.3(c)(2).  Here, the nature of the materials at issue are three documents that DuPont asserts contain legal advice and are protected by the attorney-client privilege.  DuPont also asserts that two of the documents are not required to be produced under the work product doctrine.  DuPont has demonstrated at this time that it has a legitimate interest in maintaining privacy with respect to such documents, as the

-2-

disclosure of such documents -- if privileged or attorney work product -- would amount to a waiver of the protections afforded by the attorney-client privilege and work product doctrine.[1] Further, no third party has objected to the sealing of these documents. The Court also finds that no less restrictive alternative to granting the application to seal is available at this time. Accordingly, the Court concludes that the factors enunciated in L. CIV. R. 5.3(c)(2) weigh in favor of sealing Exhibits 30, 42 and 43 submitted by DuPont for *in camera* review at this time pending resolution of DuPont's motion for a protective order.

CONSEQUENTLY, for the reasons set forth above, and for good cause shown:

IT IS on this 15th day of August 2008:

**ORDERED** that DuPont's motion to seal shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that Exhibits 30, 42 and 43 submitted to the Court for *in camera* review shall be filed under seal pending further Order of the Court.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb

---

1. The Court makes no finding as to whether the documents are attorney-client privileged or constitute attorney work product, as that determination shall be made in connection with DuPont's pending motion for a protective order.