```
                                        [06-1810, Dkt. Nos. 281, 289]
                                        [06-3080, Dkt. No. 256]
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RICHARD A. ROWE, et al., individually and on behalf of themselves and all others similarly situated, | Civil No. 06-1810 (RMB) |
| Plaintiffs, | |
| v. | |
| E.I. DUPONT DE NEMOURS AND COMPANY, | |
| Defendant. | |
| MISTY SCOTT, on behalf of herself and all others similarly situated, | Civil No. 06-3080 (RMB) |
| Plaintiff, | **OPINION** |
| v. | |
| E.I. DUPONT DE NEMOURS AND COMPANY, | |
| Defendant. | |

APPEARANCES:

Attorneys for Plaintiffs
    Andrew J. Chamberlain
    Michael George Sinkevich, Jr.
    Shari M. Blecher
    Stuart J. Lieberman
    Lieberman & Blecher, P.C.

```
      10 Jefferson Plaza Suite 100
      Princeton, NJ 08540
```

Attorneys for Defendant DuPont
```
      Roy Alan Cohen
      Porzio, Bromberg & Newman, PC
      100 Southgate Parkway
      P.O. Box 1997
      Morristown, NJ 07962
```

**BUMB**, United States District Judge:

**I.   INTRODUCTION**

This matter comes before the Court upon three motions:  the Rowe Plaintiffs' supplemental motion for class certification of medical monitoring issues [Dkt. No. 281 (06-1810)] and two motions (one by the Rowe Plaintiffs [Dkt. No. 289 (06-1810)] and one by the Scott Plaintiff [Dkt. No. 256 (06-3080)] (collectively, "Plaintiffs")) for leave to file out-of-time class certification motions as to their common law claims.  These motions have been filed in accordance with the Court's Order, dated December 23, 2008.  Because the parties are familiar with the factual and procedural background of these cases, the Court will proceed directly to its analysis of the pending motions.


**II.   STANDARD OF REVIEW**

In order to be certified, "a class must satisfy the prerequisites of Rule 23(a) and the 'parties seeking certification must also show that the action is maintainable under Rule 23(b)(1), (2), or (3).'"  <u>Barnes v. American Tobacco</u>

Co., 161 F.3d 127, (3d Cir. 1998) (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997). The party seeking class certification bears the burden of proving that each of the requirements under Rule 23 has been met. Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994). The district court must perform "a rigorous analysis" to satisfy itself that the prerequisites of Rule 23 have been met. Beck v. Maximus, Inc., 457 F.3d 291, 297 (3d Cir. 2006). However, ultimately, the court has discretion under Rule 23 to certify a class. Id. If certification is warranted, the district court's certification order must include "a clear and complete summary of those claims, issues or defenses subject to class treatment." Wachtel v. Guardian Life Ins. Co. of America, 453 F.3d 179, 184 (3d Cir. 2006); Fed. R. Civ. P. 23(c)(1)(B).

**III.   ANALYSIS**

   **A.   Certification of Medical Monitoring Issues**

Having been denied class certification of their medical monitoring claim, the Rowe Plaintiffs now seek class certification of certain issues relating to that claim pursuant to Rule 23(c)(4).[1] That rule provides, "[w]hen appropriate, an

---

[1] Plaintiffs seek to have certified the following issues:
   1. Whether DuPont release PFOA from DuPont's Chambers Works Plant in New Jersey into the environment surrounding the Plant;
   2. Whether contamination of the water was caused by

3

action may be brought or maintained as a class action with respect to particular issues."  Fed. R. Civ. P. 23(c)(4). However, certification of particular issues under Rule 23(c)(4) is only proper if the other requirements of Rule 23(a) and (b) are first met.  7AA C. Wright, A. Miller & R. Kane, Federal Practice and Procedure § 1790, at 590 (2005)(citing Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1997)).  The Court has already found (in its prior Opinion [Dkt. No. 263]) that Rowe Plaintiffs have met the requirements of part (a).  As to part (b), Rowe Plaintiffs seek class certification pursuant to Rule 23(b)(2), which states that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]"  Fed. R. Civ. P. 23(b)(2).[2]

---

        DuPont's releases of PFOA;
3. Whether PFOA is toxic and/or hazardous;
4. Whether human diseases caused by PFOA exposure are serious;
5. Whether early diagnosis of the diseases caused by PFOA exposure is valuable; and
6. Whether medical monitoring for diseases linked to PFOA exposure is available.

[2] The bulk of authority concerning the application of Rule 23(c)(4) relates to plaintiffs seeking partial class certification under (b)(3), not (b)(2).  However, the Court recognizes that the (c)(4) mechanism of certifying particular issues is not restricted to (b)(3) classes.  See, e.g., Abitanta, Bifurcation of Liability and Damages in Rule 23(b)(3) Class Actions: History, Policy, Problems, and a Solution, 36 S.W.L.J. 743, 749 (1982-83).

4

Defendant argues that because the Court has already ruled that class-wide medical monitoring is not proper[3] under 23(b)(2), Rowe Plaintiffs are precluded from relying on 23(b)(2) as a basis for issue certification under 23(c)(4).  This Court agrees.  As the proposed Rowe class is currently defined (i.e., to include all individuals who have <u>potentially</u> been significantly exposed as opposed to all individuals who have <u>actually</u> been significantly exposed), the Court has already found that medical monitoring is not appropriate for the "class as a whole."  This is because some of the proposed class members may very well have suffered significant exposure and some may not.[4]  To the extent possible, Rowe Plaintiffs should have redefined the class based on actual exposure.  <u>See, e.g.</u>, <u>In re Diet Drugs</u>, 1999 WL 673066

---

[3]  Defendant states that the Court deemed class-wide medical monitoring improper "because the type of medical monitoring required, if any, depends upon individual characteristics." (Opp. at 2).  To be clear, in this Court's view, the fact that class members might require different testing does not mean that final injunctive relief is not appropriate for the class as a whole; the entire class could still be entitled to some type of medical monitoring and perhaps subclasses could be used to determine which members need which tests.

[4]  The Court notes that despite several requests from Defendant, Rowe Plaintiffs have still not disclosed the particular tests they are requesting as part of the medical monitoring program.  They should have disclosed this information in their initial pleadings.  <u>See, e.g.</u>, <u>In re Diet Drugs</u>, 1999 WL 673066 at *3 (E.D. Pa. Aug. 26) (proposed class of plaintiffs requested "injunctive relief in the form of a 'court approved medical monitoring program' which would include 'echocardiograms, electrocardiograms, chest x-rays and perfusion lung scans'") (citing plaintiffs' complaint).

at *4 (E.D. Pa. Aug. 26) (proposed amended complaint defined class based on actual exposure, limiting membership to "those persons who have taken [diet drugs] 'for at least thirty cumulative days during the period between May 1, 1992 and September 15, 1997...'").  The Court recognizes that such a definition would have required much more work on the part of counsel to determine which individuals have actually been significantly exposed to PFOA, but failure to undertake such efforts has been fatal.[5]  Because the medical monitoring relief Rowe Plaintiffs seek is not applicable to the "class as a whole" as that class is currently defined, they have not met the 23(b)(2) requirement and, thus, certification under 23(c)(4) would be improper.

Moreover, even if the class were redefined based on actual exposure, the Court questions whether "certification of a class limited to the determination of liability" would be appropriate in this case.  <u>Holmes v. Pension Plan of Bethlehem Steel Corp.</u>, 213 F.3d 124, 137 (3d Cir. 2000) (denying certification because "the issue of liability itself requires an individualized inquiry into the equities of each claim").  The Third Circuit recently

---

[5] As discussed at length during the certification hearing and in the Court's Opinion denying certification, perhaps this determination could have been made using a combination of testing and questionnaires (so as to discover both current and historical exposure, since both types are relevant to the issue of increased risk of disease).

6

addressed the issue of class certification as to liability issues in Hohider v. United Parcel Service, Inc., 2009 WL 2183267 (3d Cir. July 23, 2009).  In that case, an employer appealed the District Court's certification of a nationwide class of employees asserting a pattern or practice of unlawful discrimination under the Americans with Disabilities Act (ADA).  To warrant relief under the ADA, a plaintiff must show that she is a "qualified individual," a determination that both the District Court and Court of Appeals agreed was necessarily based on individualized inquiries.  Id. at *11.  Despite this fact, however, the District Court found that, based on an evidentiary framework established for Title VII cases in Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324 (1977), "it could adjudicate plaintiffs' claims and reach a finding of classwide liability and relief without undertaking individualized inquiries into qualification ... with respect to the class."  Id. at *13.  The Court of Appeals rejected this reasoning, explaining that "the ADA, and not the Teamsters method of proof, dictates what substantive elements are necessary to reach a determination [of liability]... ."  Id. at *14.  Accordingly, because the "assessment of whether class members are 'qualified' is necessary to determine [liability]" and this assessment requires individualized inquiries, the Court reversed the District Court's order of class certification.  Id. at *19.

7

In this case, the Rowe Plaintiffs seek medical monitoring based on their alleged exposure to PFOA. To obtain medical monitoring, under New Jersey law, Rowe Plaintiffs must show that

    (1) class members suffered significant exposure to PFOA;

    (2) PFOA is toxic;

    (3) the diseases caused by exposure to PFOA are serious;

    (4) class members are at a distinctive increased risk of disease due to their exposure to PFOA;

    (5) early diagnosis of these diseases is valuable; and

    (6) medical monitoring is reasonable, necessary and different than any other monitoring the class members would otherwise have to undergo.

See Ayers v. Twp. of Jackson, 106 N.J. 557, 606 (1987); Theer v. Philip Carey Co., 133 N.J. 610, 628 (1993). Unless all of these elements are met, a plaintiff is not entitled to medical monitoring. As the Court has already held, several of these elements require individualized inquiries – namely, significant exposure, increased risk of disease, and need for medical monitoring different than any monitoring otherwise required. (Opinion at 29). Just as the qualification element in the ADA presented an individualized inquiry into the liability determination in Hohider, the medical monitoring elements of significant exposure, increased risk of disease and necessity of monitoring also present individualized inquiries into the

liability determination here.  In other words, liability and damages in the context of medical monitoring cannot be separated from one another, and the issue of liability would require individualized inquiries into the elements of significant exposure, increased risk of disease and necessity of monitoring. Thus, certification as to the liability issues only would not be appropriate in this case.

Beyond the problems already discussed, the Court finds that, based on an analysis of the relevant considerations, certification as to particular issues is not appropriate in this case.  As the Third Circuit recently stated,

> several considerations are relevant to determining "[w]hen [it is] appropriate" for a court to certify a class only "with respect to particular issues," Fed. R. Civ. P. 23(c)(4):  the type of claim(s) and issue(s) in question; the overall complexity of the case and the efficiencies to be gained by granting partial certification; the substantive law underlying the claim(s), including any choice-of-law questions it may present; the impact partial certification will have on the constitutional and statutory rights of both the class members and the defendant(s); the potential preclusive effect that resolution of the proposed issues class will have; and so forth.

Hohider, 2009 WL 2183267 at *21.  The first two factors are particularly instructive in this case.  As discussed above, the type of claim (medical monitoring) does not lend itself to separation of the elements in a useful way for purposes of Rule 23(c)(4).  Additionally, as the Court laid out in great detail in its prior Opinion, this case is complex and involves many

9

individualized inquiries which are complicated in and of themselves.  Rulings on the six common issues proposed by Rowe Plaintiffs would still leave a host of individualized issues to resolve by means of individual suits before any recovery could be warranted.  (Opinion at 54 (stating that even if the common liability issues were resolved on a classwide bases, "each class member would still have to demonstrate his/her specific exposure, how that exposure has increased his/her risk of disease, and his/her corresponding need for medical monitoring, all of which would require medical expert testimony specific to each individual")).  Thus, the Court finds that partial certification as to these limited issues will not materially advance the litigation or result in a significant gain of efficiencies.  See, e.g., In re Tetracycline Cases, 107 F.R.D. 719, 722 (W.D. Mo. 1985) (finding that certification pursuant to Rule 23(c)(4) is only appropriate where it would "materially advance the disposition of the litigation as a whole"); McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 234 (2d Cir. 2008) (finding that "given the number of questions that would remain for individual adjudication, issue certification would not reduce the range of issues in dispute and promote judicial economy") (internal quotation omitted); In re St. Jude Med., 522 F.3d 836, 841 (8th Cir. 2008) (issue certification denied where "limited class certification would do little to increase the efficiency of the

10

litigation"); see also Georgine v. Amchem Prods., Inc., 83 F.3d 610, 630 (3d Cir. 1996) (declining to certify class because "the huge number of important individualized issues overwhelm any common questions"); In re Dalkon Shield IUD Prods. Liability Litigation, 693 F.2d 847, 856 (9th Cir. 1982) ("The few issues that might be tried on a class basis in this case, balanced against issues that must be tried individually, indicate that the time saved by a class action may be relatively insignificant.  A few verdicts followed by settlements might be equally efficacious.").

Finally, the Court must point out that three of the proposed six issues Rowe Plaintiffs seek to have certified for class treatment as to their medical monitoring claim also appear as common issues for their common law claims.  (Rowe Motion at 1-2; Rowe Motion for Certification of Common Law Claims at 47).  These three issues relate to liability:  (1) whether DuPont released PFOA from DuPont's Chambers Works Plant; (2) whether contamination of the water was caused by DuPont's Releases; and (3) whether PFOA is toxic.  (Id.).  The fact that half of the common medical monitoring issues would be addressed in the Rowe Plaintiffs' common law claims further supports this Court's conclusion that separate certification of some of the medical monitoring issues would not be appropriate.

Accordingly, for all the above reasons, the Plaintiffs' Rowe

11

motion for certification of certain medical monitoring issues is denied.

**B.   Motions to File Certification Motions Out of Time**

As set forth in the Court's Discovery Order X, issued November 2, 2007 [Dkt. No. 121 (06-1810); Dkt. No. 126 (06-3080)], Plaintiffs' briefs for class certification were due no later than April 30, 2008.  Although Plaintiffs filed their certification briefs on time, the Court found that both the Rowe Plaintiffs and the Scott Plaintiff had "failed to provide any analysis of their [common law] claims" and denied certification without prejudice.  (Opinion, issued December 23, 2008, at 57). Now, both sets of Plaintiffs seek leave of the Court to file motions for certification out of time as to their common law claims.  Rowe Plaintiffs filed their motion on February 16, 2009 and Scott Plaintiff filed her motion on April 10, 2009.

Plaintiffs contend that the proper standard for determining whether to allow an untimely motion for class certification is "whether there exists a 'reasonable explanation' for the timing of the motion."  (Rowe Motion for Leave at 4; Scott Motion for Leave at 5 (citing 3 Newberg on Class Actions § 3:42 at 543)). Defendant claims that the "reasonable explanation" standard only applies when the initial motion for certification is late, which they claim is not the case here.  Rather, Defendant argues, the proper standard is set forth in Rule 6(b):

12

> [w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:
> ...
> (b) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). Because the Court did set a specific schedule for the filing of class certification motions, the Court finds that Rule 6 does indeed apply to this situation. Accordingly, the Court will undergo its analysis using the Rule 6(b) standard of excusable neglect.

In determining whether a party has demonstrated excusable neglect, the Court must consider the following five factors:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure; 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; 3) counsel's failure to provide for a readily foreseeable consequence; 4) a complete lack of diligence; or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

<u>Dominic v. Hess Oil V.I. Corp.</u>, 841 F.2d 513, 517 (3d Cir. 1988). The Supreme Court has explained that the "excusable neglect" inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including, "the danger of prejudice to the [other party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.</u>

13

Partnership, 507 U.S. 380, 395 (1993).

In this case, although the Court is disappointed that counsel failed to provide any helpful analysis in its initial moving papers, the facts nonetheless weigh in favor of granting Plaintiffs leave to file their certification motions out of time. First, both the Rowe and Scott Plaintiffs filed their initial certification motions timely. In those motions, Plaintiffs did seek certification of their common law claims; the problem was the lack of any analysis with regard to those common law claims. Instead of explaining how the specific elements of these claims can be proven on a class-wide basis, Plaintiffs submitted a mish-mash of facts and issues that allegedly stretched across all of their claims. As this Court has previously noted, this type of briefing is unhelpful and results in the kind of "superficial analysis" warned about in Hohider v. United Parcel Serv., Inc., 243 F.R.D. 147, 185-86 (W.D. Pa. 2007), rev'd on other grounds, 2009 WL 2183267 (3d Cir. July 23, 2009).[6] However, counsel's failure to address the specific elements of their common law claims was apparently based on their misunderstanding of the law and what is required in a certification analysis. Notably, the law was clarified by the Third Circuit one week after this Court

---

[6] The Court must scrutinize "the Rule 23 certification requirements in light of the specific legal claims at issue in the case and what adjudication of those claims would require." Hohider, 243 F.R.D. at 186 (emphasis added).

issued its decision. See In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305 (3d Cir. Dec. 30, 2008) ("If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable."). In light of this, the Court concludes that counsel's mistake does not demonstrate "professional incompetence" or a "complete lack of diligence." Additionally, the Court notes that throughout this matter, Rowe counsel have been diligent in their representation of Rowe Plaintiffs and the proposed class. (See, e.g., Opinion at 41, n. 15). While the same cannot be said of Scott counsel, both Plaintiffs are now represented by the same counsel (Rowe) and thus, the Court can expect adequate representation in both cases.

As to the issue of prejudice, the Court believes that allowing Plaintiffs to file their motions out of time will not cause Defendant any significant prejudice. Most significantly, as Plaintiffs point out, Defendant has been aware of Plaintiffs' common law claims from the very beginning of this case as well as their desire to seek class certification of these claims. Although Defendant will be required to address these claims now, it would have been required to do so if the claims had been properly briefed in the first instance. In contrast to the minimal prejudice Defendant will face, the Plaintiffs would suffer significant prejudice if the Court did not consider their

15

late certification motions.  The Court has found that class certification is not proper as to the medical monitoring claim or particular medical monitoring issues.  Thus, the Plaintiffs' only remaining hope to proceed as a class in this matter is to seek certification of their common law claims.[7]

Concerning the issue of timing, the Court finds that consideration of Plaintiffs' late motions for class certification of common law claims will not cause any significant delay in this matter.  This case has been ongoing for over three years now and a trial date has yet to be set.  Indeed, the final pretrial conference has not been set.  Consideration of Plaintiffs' late certification motions will not add any significant delay.

Finally, there is no evidence to suggest that Plaintiffs have acted in bad faith.  See Raymond v. Int'l Bus. Machines Corp., 148 F.3d 63, 66 (2d Cir. 1998).  As Rowe counsel have stated, they "believed at the time that they were providing the best, most concise, and most helpful presentation to the Court outlining why all of Rowe Plaintiffs' claims should be certified as class claims."  (Rowe Motion for Leave at 10).  Clearly, this was not an attempt to delay trial.

---

[7] The Court also notes the axiomatic principle that "cases should be decided on their merits rather than on procedural technicalities."  Ghaleb v. U.S. Ship Mgt., 2005 WL 1225177 at *5 (D.N.J. May 6, 2005); see also Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873 (3d Cir. 1994) ("courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits").

Having considered all the relevant factors, this Court finds that Plaintiffs' motions for leave to file motions for certification out of time as to their common law claims should be granted. However, while the Court will consider Plaintiffs' late motions for certification of common law claims, whether such motions will be meritorious remains to be determined by the Court. Defendant shall have until **August 28, 2009** to file an opposition to these motions, and Plaintiffs shall have until **September 8, 2009** to file a reply to Defendant's opposition.

**IV. CONCLUSION**

For the reasons stated above, Rowe Plaintiffs' supplemental motion for certification of medical monitoring issues is denied and both the Rowe and Scott Plaintiffs' motions for leave to file motions for certification out of time are granted. Defendant shall have until **August 28, 2009** to file an opposition to Plaintiffs' motions for certification of common law claims, and Plaintiffs shall have until **September 8, 2009** to file a reply to Defendant's opposition. An accompanying Order shall issue this date.

Dated: July 29, 2009        s/Renée Marie Bumb
                            RENÉE MARIE BUMB
                            UNITED STATES DISTRICT JUDGE