IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RICHARD A. ROWE, et al., individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>E.I. DUPONT DE NEMOURS AND COMPANY,<br><br>        Defendant. | [Dkt. Ent. 514, 516, 517, 518, 524, 526]<br><br>Civil No. 06-1810 (RMB/AMD) |
| MISTY SCOTT, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>E.I. DUPONT DE NEMOURS AND COMPANY,<br><br>        Defendant. | [Dkt. Ent. 448, 450, 451, 452, 458, 460]<br><br>Civil No. 06-3080 (RMB/AMD)<br><br>**ORDER** |

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, APPROVING FEES AND EXPENSES, APPROVING APPOINTMENT OF CLASS ADMINISTRATOR, OTHER MISCELLANEOUS RELIEF, AND DIRECTING ENTRY OF <u>FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE</u>**

THIS MATTER comes before the Court upon the Joint Motion for

Final Approval of the Proposed Class Settlement Agreement ("Settlement Agreement") and appointment of a Class Administrator filed by Plaintiffs Richard A. Rowe, Michelle E. Tomarchio, Regina M. Trout, Allen K. Moore, Catherine A. Lawrence and Misty Scott, and Defendant E.I. duPont de Nemours and Company ("DuPont") [Docket Entry No. 516, Civil Action No. 06-1810, Docket Entry No. 450, Civil Action No. 06-3080]. Additionally, Class Counsel has petitioned for an award of fees and expenses [Docket Entry No. 518, Civil Action No. 06-1810, Docket Entry No. 452, Civil Action No. 06-3080]. This matter also comes before the Court upon the Motion to Intervene filed by Samuel Switzenbaum and Pennsgrove Associates [Docket Entry No. 514, Civil Action No. 06-1810, Docket Entry No. 448, Civil Action No. 06-3080]. This matter also comes before the Court upon Motions to Seal [Docket Entry Nos. 517 and 524, Civil Action No. 06-1810, Docket Entry Nos. 451 and 458, Civil Action No. 06-3080], and a Joint Motion to Strike Objections [Docket Entry No. 526, Civil Action No. 06-1810, Docket Entry No. 460, Civil Action No. 06-3080].

For the reasons set forth in the accompanying Opinion issued this date,

IT IS ON THIS **26th** day of **August 2011**, **ORDERED, ADJUDGED AND DECREED as follows:**

1. The Motion to Intervene is granted.

2.  The Proposed Class Settlement Agreement is approved.

3.  The Court appoints Edgar Gentle as the Class Administrator.  All fees and expenses of the Class Administrator shall be paid exclusively from the Settlement Amount, pursuant to the terms of the Settlement Agreement and the Class Administrator Agreement.

4.  After considering the factors governing judicial approval of the proposed class settlement under Rule 23(e) and other applicable law, the Settlement Agreement, the terms of which are incorporated herein by reference, is hereby approved as fair, adequate and reasonable and in the best interests of the Class Members.

5.  The Class Members who have voluntarily opted out of the Settlement are excluded from the Settlement (identified in Docket Entry No. 517, Exhibit 3, Civil Action No. 06-1810, and Docket Entry No. 451, Exhibit 3, Civil Action No. 06-3080) and shall not be included within the definition of the Class Members under the Settlement or this Order.  Within five days of the entry of this Order, Class Counsel shall advise the Court of its position regarding any untimely filed opt-out requests.

6.  The Class Administrator's payment to Class Counsel of $2,766,390 for attorney fees and reasonably incurred costs of $886,224.27 from the Settlement Amount, pursuant to the terms of the Settlement Agreement, is hereby approved.  Such payments

shall be made as specified in the Settlement Agreement and Class Administrator Agreement <u>except that</u>, in order to insure that class claims are efficiently managed, the Court will withhold 5% of the attorney fees award. DuPont is hereby directed to deposit this amount with the Clerk of the Court, to be held in an interest-bearing escrow account. Upon the receipt of a certification from Class Counsel stating that all claims have been processed, the Court will order these funds released.

7. Any dispute concerning the aggregate amount or allocation of Class Counsel's fee and expense award shall be subject to the exclusive jurisdiction of this Court and shall be a separate and severable matter from all other matters in this Final Judgment and the finality and fairness of the Settlement Agreement with the Class Members. Any appeal of the Class Counsel attorney's fees and expense award shall be severed from this Final Judgment and shall not affect the finality of this judgment as to the settlement and release of the Class Members' claims against the Released Parties.

8. The attorney fees, costs, and expense payments from the Settlement Amount described in Paragraph 6 above is the total amount that will be paid by DuPont for any and all attorney fees, costs, and expenses in connection with the Actions and settlement of the Released Claims, regardless of whether any Class Member retained separate or additional counsel, or incurred separate or

additional attorney fees, costs, or expenses.  Moreover, all costs relating to implementation of the Settlement Agreement and distribution of the Settlement Amount shall be paid by the Class Administrator exclusively out of the Settlement Amount, and DuPont shall have no liability for any costs or expenses associated with implementation of the Settlement Agreement or distribution of the Settlement Amount, including any fees or costs incurred by the Administrator or Class Counsel.

9.  Final judgment is hereby entered dismissing with prejudice the common law private nuisance and public nuisance claims for injunctive relief certified in the Court's March 22, 2011, Amended Class Certification Order as to the Class Representatives and Class Members against DuPont, without costs, other than what has been specifically provided for in the Settlement Agreement.  Because there is no just reason for delay, the Court hereby directs the entry of a final judgment on those dismissed Class Claims, pursuant to Rule 54)(b) of the Federal Rules of Civil Procedure.

10.  All Class Members are bound by the Release in Section 10 of the Settlement Agreement, and are hereby permanently enjoined and restrained from filing or prosecuting any Released Claim against any Released Parties as defined in Sections 1.26 and 1.27 of the Settlement Agreement.

11.  The Court hereby finds that the Class Notice that Class

Counsel has given is consistent with and satisfies the due process rights of Class Members.

    12. Without affecting the finality of this judgment in any way, the Court retains jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement and Class Administrator Agreement.  During the term of the Settlement Agreement and Class Administrator Agreement, the Class Representatives or DuPont may apply to the Court for any relief necessary to construe or effectuate this Settlement Agreement or Class Administrator Agreement.  DuPont and Class Counsel may also jointly agree by written amendment to modify the provisions of the Settlement Agreement or Class Administrator Agreement as they deem necessary to effectuate its intent, provided, however, that they may make no agreement that reduces or impairs any class benefits to any Class Members without approval by the Court.

    13. The Parties and the Class Administrator are directed to provide the benefits of the Settlement Agreement to the Classes as provided for in the Settlement Agreement and Class Administrator Agreement, and in accordance with the notice mailed to the Class Members.

    14. The Settlement Fund shall be a Qualified Settlement Fund as described in Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1 established by order of this Court, and

shall remain subject to the jurisdiction of this Court. Where applicable and in the best interest of the Class Members, the Settlement Fund is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code.

15. The Court has considered the due process rights of absent Class Members and finds that such rights have been and are adequately protected herein. The Court finds that the fact that only a small number of Class Members opted out of the settlement provides support for the proposed settlement.

16. The Joint Motion to Strike Objections is granted, in part.

17. The Motions to Seal are granted.

18. This Order is a Final Judgment, and is in all respects a final and appealable Order.

19. Except as expressly stated otherwise in this Final Order, the Preliminary Approval Order, or the Settlement Agreement, all costs shall be borne by the party incurring them.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge